UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYFT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUARTZ AUTO TECHNOLOGIES LLC,<br><br>　　　　Defendant. | Case No. 21-cv-01871-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 145 |

Before the Court is Plaintiff Lyft, Inc.'s motion for attorney's fees. ECF No. 145. The Court will deny the motion.

## I.　BACKGROUND

Lyft brought this action against Defendant Quartz Auto Technologies LLC seeking a declaratory judgment that it does not infringe five patents owned by Quartz: U.S. Patent Nos. 6,847,871 ('871 patent); 6,944,443 ('443 patent); 7,007,013 ('013 patent); 7,958,215 ('215 patent); and 9,691,275 ('275 patent). Prior to claim construction, Lyft moved for judgment on the pleadings as to four of these patents, arguing that the asserted claims of each patent are invalid under 35 U.S.C. § 101. ECF No. 60. The Court denied Lyft's motion without prejudice and invited Lyft to file a renewed motion "[a]fter claim construction and after the record has been further developed." ECF No. 80 at 3.

At claim construction, the Court interpreted terms from the '871, '443, '215, and '275 patents. ECF No. 106. The parties subsequently agreed that, under the Court's construction of terms under the '871 and '215 patents, Lyft was entitled to a judgment of non-infringement as to the asserted claims of those two patents. ECF No. 118 at 2–3. The parties further agreed to dismiss claims and counterclaims regarding the '013 and '275 patents. *Id.* The Court entered the

parties' stipulated proposed "order of partial dismissal" as to those four patents. ECF No. 119. The order included a provision that "[e]ach party [is] to bear its own costs and attorneys' fees." *Id.*

Lyft renewed its motion for judgment on the pleadings as to the '443 patent, ECF No. 120, which the Court granted, ECF No. 138. The Court concluded that the asserted claims "of the '443 patent are ineligible under 35 U.S.C. § 101." *Id.* at 9. The Clerk entered judgment the same day. ECF No. 139.

Lyft now seeks an award of $1,037,013.24 in attorney's fees for work performed concerning the '871, '443, and '215 patents. ECF No. 145; ECF No. 145-1 ¶ 39. It also requests permission to conduct limited discovery "[t]o the extent this Court gives weight to Quartz's attorney argument and declaration" concerning "Quartz's pre-suit diligence and good faith conduct." ECF No. 154 at 8.

## II.  LEGAL STANDARD

Under the so-called American Rule, "[e]ach litigant pays [their] own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). As the Court has previously explained, "application of the American Rule remains the well-established presumption even in patent cases, and this Court will not depart from it lightly." *EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*, No. 12-cv-01011-JST, 2014 WL 3726170, at *5 (N.D. Cal. July 25, 2014).

In patent cases, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case:

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts may consider such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Thus, for example, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555. To receive attorney's fees, the moving party must demonstrate that the case is "exceptional" by a preponderance of the evidence. *Id.* at 557-58.

Courts may also award attorney's fees under their inherent powers where there has been "willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 557 (quotation marks and ellipsis omitted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–259 (1975)). "[M]ere recklessness, without more, does not justify sanctions under a court's inherent power," but "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" can be sufficient. *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001).

Fees awarded under the court's inherent authority are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith" of the non-moving party. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103–04 (2017). Courts also apply this limitation when awarding fees under 35 U.S.C. § 285. *In re PersonalWeb Techs., LLC Pat. Litig.*, No. 18-md-02834-BLF, 2021 WL 796356, at *2–4 (N.D. Cal. Mar. 2, 2021), *aff'd sub nom. In re PersonalWeb Techs. LLC*, 85 F.4th 1148 (Fed. Cir. 2023).

### III. DISCUSSION

#### A. '871 and '215 Patents

The parties disagree over whether the Court's order of partial dismissal, ECF No. 119, bars Lyft from seeking fees for work on the '871 and '215 patents. The Court agrees with Quartz that it does. The order states, in full:

> Before the Court is the Parties' Stipulation of Dismissal in Part ('871, '013, '215, and '275 Patents). After considering the Stipulation, the Court ORDERS as follows:
>
> Final judgment is entered in favor of Lyft and against Quartz, finding that the accused Lyft instrumentalities do not infringe the asserted claims of U.S. Patent Nos. 6,847,871 ('871 patent) and

3

> 7,958,215 ('215 patent).
>
> Pursuant to Federal Rule of Civil Procedure 41, all of Quartz's claims of patent infringement of U.S. Patent Nos. 7,007,013 and 9,691,275 that were or could have been asserted against Lyft are hereby dismissed with prejudice. Lyft's claims and counterclaims with respect to the asserted claims of the '013 and '275 patents are dismissed without prejudice.
>
> Each party to bear its own costs and attorneys' fees.

*Id.*

Lyft acknowledges that this order precludes it from seeking fees as to the '013 and '275 patents. ECF No. 154 at 14. However, it argues that the stipulation submitted with the proposed order states, "Each party shall bear its own costs and attorneys' fees *with regard to the dismissed claims and counterclaims*," ECF No. 118 at 3 (emphasis added), and that Lyft removed language from the originally drafted stipulation that "Lyft's claims for a declaratory judgment of non-infringement and a declaratory judgment of invalidity as to the '871 and '215 patents are dismissed without prejudice," ECF No. 154-3 at 4. Thus, Lyft contends, the order's provision as to attorney's fees applies only to the '013 and '275 patents because Lyft did not agree to dismiss claims as to the '871 and '215 patents.

The Court disagrees. First, the last sentence of the order—which was submitted jointly by both parties—unambiguously states that each party will bear its own costs and attorney's fees, without any limitation that the provision applies only to a subset of the patents at issue in the order. If Lyft intended for this sentence to apply to only two out of four patents, it should not have joined Quartz in submitting a proposed order that included an unqualified fees provision. Second, even if the Court were to look to the language of the stipulation providing that the attorney's fees provision applies only "to the dismissed claims and counterclaims," the stipulation states, "Lyft agrees to stipulate to the dismissal without prejudice of its claims for a declaratory judgment of non-infringement and a declaratory judgment of invalidity of the '871 and '215 patents, without waiver of any of its arguments or defenses." ECF No. 118 at 2. Thus, even if the order were not clear on its face, the stipulation would support applying the cost and fees provision to the '871 and '215 patents.

Lyft's request for fees for work performed concerning the '871 and '215 patents is denied.

4

**B.     '443 Patent**

As to the '443 patent, the Court does not find it unreasonable for Quartz to have argued, in opposition to Lyft's original motion for judgment on the pleadings, that determining the validity of the patents at issue in this case, including the '443 patent, should wait until after claim construction. To the contrary, Lyft failed to address that argument in its reply brief, and the Court agreed with Quartz's position. ECF No. 80 at 2–3. Although Lyft correctly observes that Quartz did not propose any terms from the '443 patent for construction, ECF No. 145-2 at 3, Lyft proposed a construction for "determining a common meeting point," ECF No. 69 at 4, and later identified that term as one "whose construction will be most significant to the resolution of the case," ECF No. 96 at 2. Under these circumstances, it was not exceptional for Quartz to have argued that a validity determination would benefit from claim construction.

Nor is this a case where the asserted claims were "plainly invalid in view of *Alice* and its reasoning." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379 (Fed. Cir. 2017). Patents are "presumed valid," and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. Although the Court ultimately agreed with Lyft that the asserted claims of the '443 patent are invalid, it was not exceptional for Quartz to have opposed such a determination, nor does the Court find Quartz's arguments to have been frivolous. *Cf. Droplets, Inc. v. Yahoo! Inc.*, 658 F. Supp. 3d 754, 767 (N.D. Cal. 2023) ("While it is true that the Court was ultimately not persuaded by Yahoo!'s license defense, vigorously litigating a defense before it is decided on the merits is not evidence of bad faith."); *Orcinus Holdings, LLC v. Synchronoss Techs., Inc.*, No. 18-cv-06199-LHK, 2019 WL 3804691, at *3 (N.D. Cal. Aug. 13, 2019) (noting that, "even in a case in which a district court views patent claims as so exceptionally meritless to justify an award of fees, the Federal Circuit could reverse a district court's § 101 dismissal" (citing *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019))).

However, the Court does find fault with Quartz's changing position regarding the scope of the claims. At claim construction, Lyft argued that "determining a common meeting point" in the '443 patent should be construed as "determining a common meeting point without the need for

preference or profile information." ECF No. 106 at 7.  The Court rejected Lyft's argument and agreed with Quartz that no construction was necessary.  *Id.* at 7–9.  In opposing Lyft's renewed motion for judgment on the pleadings, Quartz took the opposite position and argued that, under the asserted claims, "[a] meeting location is . . . determined *independent of any indication from a user of a specific meeting point or class of meeting points*." ECF No. 123 at 13 (emphasis added).  The Court noted this inconsistency in its order granting Lyft's motion: "Having successfully argued for a broad construction of the claim terms, Quartz cannot now avoid a finding of invalidity by attempting to narrow the scope of the patent's claims." ECF No. 138 at 5.

It is not an abuse of discretion to find a case exceptional where a party's "constantly changing [positions] obfuscated the merits of its case and undermined its trustworthiness and reliability before the district court." *In re PersonalWeb Techs.*, 85 F.4th at 1159.  Nonetheless, although the Court does not condone Quartz's taking a different position on the scope of the claims at different stages of these proceedings, it also does not conclude that Quartz's conduct rises to a level sufficient to find this case exceptional.  Quartz did not engage in a pattern of "constantly changing" positions, and its changed position on a narrow issue was only one of several arguments Quartz raised in support of the '443 patent's validity.  Put another way, even if Quartz had taken a consistent view of claim construction, the only benefit to Lyft would have been avoiding one argument, not an entire opposition to an invalidity motion.  The Court does not find an award of fees, under either 35 U.S.C. § 285 or the Court's inherent powers, to be appropriate under these circumstances.

## CONCLUSION

For the above reasons, Lyft's motion for attorney's fees is denied.  The Court did not rely on the disputed attorney declaration regarding Quartz's pre-suit investigation, and Lyft's request for limited discovery on that issue is therefore denied as moot.

**IT IS SO ORDERED.**

Dated:  April 23, 2024

JON S. TIGAR
United States District Judge